IN THE UNITED STATES BANKRUPTCY COURT NORTHERN
DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:  Willie Murray | ) |
| | ) Case No:  15 B 02495 |
| | ) Judge:  Schmetterer |
| | ) Chapter  13 |
| Debtor | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEBTOR'S "MOTION FOR SANCTIONS AND MOTION FOR EXPEDITED HEARING"**

In this Chapter 13 bankruptcy case, Debtor moved for "Sanctions and Motion for Expedited Hearing" pursuant to 11 U.S.C. § 362(k) (Docket # 11, the "Motion"). Debtor seeks return of his 2005 Dodge Durango (the "Vehicle"), compensatory damages, including attorney fees and punitive damages against a creditor, Cris Auto Sales, Inc. ("Cris Auto") and its President, Mauricio Sanchez ("Sanchez"), who are alleged to have willfully violated the automatic bankruptcy stay. Before Debtor filed bankruptcy, Cris Auto repossessed the Vehicle after a default in payments. However, after Cris Auto was informed of the bankruptcy filing, it and Sanchez refused Debtor's demands to release the Vehicle. Debtor asserts that they thereby willfully violated the automatic stay.

The Court ordered Cris Auto and its President, Sanchez, to file an Answer to the Motion by February 14, 2015 and noticed an evidentiary hearing to be held on February 18, 2015. Cris Auto and Sanchez did not file an Answer nor did they attend the hearing which went forward as scheduled. Evidence was offered by Debtor. Because no Answer was filed as ordered, all allegations of the Motion were deemed admitted. Costs of Debtor's equipment purchased and left in the vehicle and thereby lost were proven, and also the time and value for

lawyer's work. All testimony and exhibits admitted into evidence at the evidentiary hearing, and Movant's oral and written arguments were considered.

Based on such evidence, the following Findings of Fact and Conclusions of Law are made and entered.

### **FINDINGS OF FACT**

1. On or about November 25, 2014, and prior to filing of the instant bankruptcy case, the Vehicle was repossessed by Cris Auto because of a default in payments.

2. On January 27, 2015, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

3. On January 27, 2015, the Debtor's attorney faxed notice of bankruptcy to Cris Auto.

4. After faxing notice of bankruptcy filing to Cris Auto the Debtor's attorney contacted Cris Auto via telephone.

5. The Debtor's attorney spoke with an individual at Cris Auto, who represented himself to be a manager.

6. The Debtor's attorney was informed by the manager that the vehicle was repossessed in September 2014 and sold in October 2014, so Cris Auto would not be returning the vehicle to the Debtor.

7. Upon hearing this information the Debtor's attorney requested any and all documentation relating to when the car was sold and what, if any, balance was still owed on the vehicle. The manager refused to provide anything.

8. The Debtor's attorney contacted the Debtor to verify the date of the repossession. The Debtor informed his attorney that he specifically remembers the car

2

being taken two days before Thanksgiving in the parking lot of a supermarket immediately after he had purchased over $200 worth of meat for the holidays. Therefore, the Vehicle was not repossessed in September 2014 and sold in October 2014 as the manager claimed.

9. The Debtor also told the Debtor's attorney that he had a verbal agreement with the manager of Cris Auto that the vehicle would not be sold until January 29, 2015.

10. After the Debtor's attorney spoke with Cris Auto via telephone, the Debtor's attorney then faxed the attached demand letter to Cris Auto requesting again that they return the vehicle to the Debtor (see attached demand letter, **Exhibit** hereto).

11. On January 28, 2015, twenty four hours after the demand letter was sent to Cris Auto, the Debtor's attorney called Cris Auto again to see if they would be returning the vehicle to the Debtor.

12. The Debtor's attorney spoke with a female who is believed to be the wife of the manager who Debtor's attorney spoke with the previous day.

13. When the Debtor's attorney asked whether Cris Auto still had the vehicle, the female indicated that they did still possess it; however it was their position that since the Debtor had not redeemed the car within twenty one days of the repossession, Cris Auto was not obligated to return it to the Debtor.

14. In addition to refusing to return the Debtor's vehicle, Cris Auto has refused to let the Debtor get his personal belongings from the Vehicle, which includes various electronics and clothing that evidence showed to have a total cost and value of $1,935.00.

15. As a result of the Debtor being deprived of the use of his vehicle, the Debtor was unable to accept employment at a job located in Valparaiso, Indiana where he was offered

$11/hour and forty hours of work per week. The total loss of wages as of February 18, 2015 was $1,496.

16. Debtor's attorney spent a total of 6.6 hours, as well as 0.9 hours of support staff time, in attempting to secure the return of the Vehicle, totaling $1,717.50 in reasonable and necessary fees comprising additional actual damages.

## CONCLUSIONS OF LAW

### JURISDICTION AND VENUE

Jurisdiction lies as a core matter under 28 U.S.C. § 157(b)(2)(A) and 1334. Venue lies under 28 U.S.C. §§ 1408 and 1409.

### DISCUSSION

The bankruptcy code requires that, once a Debtor files for bankruptcy protection, "a creditor immediately return a seized asset in which a debtor has an equity interest to the debtor's estate...." *Thompson v. GMAC, L.L.C.*, 566 F.3d 699, 700 (7th Cir. 2009). Section 542(a) of the Bankruptcy Code mandates that "turnover of a seized asset is compulsory." *Id.* at 704. "The failure to fulfill this duty, regardless of whether the original seizure was lawful, constitutes a prohibited attempt to 'exercise control over property of the estate' in violation of the automatic stay." *Knaus v. Concordia Lumber Co., Inc. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989).

Instead of complying with the bankruptcy code, Cris Auto and its President decided to exercise control over the Debtor's Vehicle in violation of the automatic stay. Their actions show a complete disregard for bankruptcy law as they continue even now to withhold possession of Debtor's property. By continuing to retain possession of the Debtor's Vehicle and refusing to return it to the Debtor, they exercise control over his property in violation of 11 U.S.C.

4

§362(a)(3) because they prevent the Debtor from using the Vehicle. Cris Auto and Sanchez, despite knowledge of the bankruptcy, receiving a demand for return of the Vehicle, and a notice from this Court ordering an Answer to the Motion and setting a hearing, continue to act in an effort to collect a pre-petition debt from Debtor and to exercise control over his property in violation of § 362(a)(3).

Pursuant to 11 U.S.C. § 362(k), the Debtor is entitled to actual damages from the foregoing willful stay violation. The Debtor had an employment opportunity offered to him in Valparaiso, Indiana which would require a vehicle to drive to and from work each day. Since the Debtor's Vehicle has not been returned to him, he has been unable to accept the offered position and go to work and therefore lost out on the promised wages.

Punitive damages are sometimes also appropriate under § 362(k) to penalize creditors for willful violations of the automatic stay. *In re Sumpter,* 171 B.R. 835, 845 (Bankr. N.D. Ill.1994). In determining whether punitive damages are appropriate, bankruptcy judges have looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; and (5) the creditor's sophistication and knowledge of the bankruptcy law and procedure. *In re Sumpter,* at 845 (citing *In re M.J. Shoearama,* 137 B.R. 182 (Bankr.W.D.Pa.1992)).

The conduct by Cris Auto and Sanchez was to continue to exercise control and possession of the Debtor's Vehicle, and to refuse to return the Debtor's Vehicle upon demand after receipt of bankruptcy notice and notice from this Court. Sanchez and Cris Auto are in business, and likely have the ability to pay some punitive damages as well as actual damages caused by it. The motive of Cris Auto and Sanchez was to continue to exercise control over property of the estate in total disregard of the bankruptcy laws and automatic stay. Debtor did

nothing to provoke Cris Auto to continue to exercise control over the Vehicle. Cris Auto is a company that sells autos. Its manager "Cris" who is President Sanchez admitted to Debtor's attorney that he has dealt with multiple bankruptcy cases in the past and was not interested in receiving small payments per month through a bankruptcy plan. Therefore, he and his company have some knowledge of the bankruptcy laws and procedures, and thus are sophisticated creditors who have deliberately flouted the law.

The Debtor's counsel is entitled to reasonable attorney's fees pursuant to § 362(k).

### **CONCLUSION**

In light of the foregoing, by separate order, actual damages will be awarded to the Debtor in the amount of $1,935.00 for loss of personal possessions in the Vehicle as well as $1,496.00 in lost wages as of February 18, 2015. Actual damages will also be awarded for attorney's fees of $1,717.50 for necessary and reasonable work related to this matter for a total of $5,148.50. Furthermore, Cris Auto and its President will be ordered to return the Vehicle immediately and pay all actual damages by March 16, 2015.

A status date of March 16, 2015 at 11:00 a.m. in courtroom 682 in the U.S. Courthouse at 219 South Dearborn Street in Chicago, Illinois will be set to ascertain status of payment and return of the vehicle, and to consider the request for punitive damages. If Cris Auto and Sanchez do not comply with the Order by returning the Vehicle by that date, putative damages will be considered and awarded, and civil contempt proceedings will also be started against Mauricio Sanchez to compel return of the Vehicle. Evidence will also be taken

on the value of the Vehicle, so that such value may be added to the damages assessed. Ultimately, judgment will be entered for all damages assessed.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 27th day of February 2015.

# Law Office of Jason Blust, LLC

211 W. Wacker Dr., Ste. 200
Chicago, IL 60606
312-273-5001

January 27, 2015

**ATTENTION: Cris Auto Sales**
**VIA FACSIMILE: (708) 248-5251**

Re: Vehicle Turnover Demand due to Bankruptcy Filing
Client: Willie Murray
Case #: 15-02495
Collateral: 2005 Dodge Durango

To Whom It May Concern:

Please be advised that my client has filed a Chapter 13 Bankruptcy with the above referenced case number. A copy of the Notice of Bankruptcy Filing is attached.

You have repossessed my client's vehicle. Once a bankruptcy is filed, 11 U.S.C. § 362 places an affirmative duty on you to immediately return the vehicle to my client. The Seventh Circuit Court of Appeals explained this duty in *Thompson v. GMAC*, 566 F.3d 699 (7th Cir. 2009). If you would like to contact your attorney to discuss this matter, I will give you 24 hours to do so. If you would prefer to provide me with your attorney's name and contact information, please do so immediately, and I will contact your attorney directly.

Failure to release the vehicle or provide me with your attorney's contact information in a timely manner may result in a motion for damages against you in the United States Bankruptcy Court for the Northern District of Illinois. **I will be seeking monetary penalties for your failure to comply with well-established law.**

Should you have any questions, please do not hesitate to contact me at (312) 273-5001.

Very Truly Yours,

**/s/ Christopher Turnbull**
Christopher Turnbull
Senior Attorney, Law Office of Jason Blust, LLC
Phone: (312) 273-5001
Fax: (312) 273-5022
Email: Christopher.turnbull@clientfirstbankruptcy.com

Enc: Notice of filing

**EXHIBIT TO FINDINGS**